IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ANDREW VELASCO, #202202206,   )  <br>             Plaintiff,                                      )  <br> vs.                                                                  )      No. 3:23-CV-106-G-BH <br>                                                                        )  <br> SHARON WILSON, ET AL.,                         )  <br>             Defendants.                                  )      Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Motion for Leave to Proceed In Forma Pauperis,* received January 13, 2023 (doc. 4)*,* should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.   BACKGROUND

On January 13, 2023, a handwritten filing titled as "Civil Rights Violations § 1983 Suit" was received from the *pro se* prisoner plaintiff. (*See* doc. 3.) He also sought leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.)  By *Notice of Deficiency and Order* dated January 18, 2023, he was notified that if he had intended to file a civil rights lawsuit under 42 U.S.C. § 1983, he had not filed his complaint on the proper form.  (*See* doc. 5.)  He was also notified that his IFP application did not provide enough information for determination of whether IFP status was appropriate because it is not on the correct form and/or is not accompanied by the required certificate of inmate trust account. (*See id.*) He was ordered to file a fully completed and signed IFP application on the correct enclosed forms within thirty days, and he was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*)

On February 27, 2023, the plaintiff's *Motion to Proceed Ex Parte* was received; it appeared

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

to seek to proceed "ex parte" and to challenge state court criminal proceedings. (*See* doc. 6.) By order dated March 2, 2023, the plaintiff was advised that to the extent he was seeking to challenge a state conviction pursuant to which he is in custody, he must file a separate habeas action by completing and returning the enclosed form for actions filed under 28 U.S.C. § 2254, and that he must also either pay the $5 filing fee for a habeas case or submit an application to proceed in forma pauperis with the required certificate of inmate trust account, within thirty (30) days. (*See* doc. 7.)

By *Second Notice of Deficiency and Order* also dated March 2, 2023, the plaintiff was notified that he had not complied with the prior notice of deficiency and order, and if he wished to proceed with a civil rights action, he must file his civil rights lawsuit on the standard § 1983 form, and to either pay the filing fee or submit a fully completed and signed IFP application with a certificate of inmate trust account within thirty (30) days. (*See* doc. 8.) He was also again advised that a failure to comply with the order could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) Attached to the order were copies of the same forms sent to him with the first notice of deficiency. (*See id.*)

Well more than thirty days from the date of the second notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint or habeas petition and either paid the filing fee or submitted an IFP application on the correct form with the required certificate of inmate trust account, and he has not filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the

filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has not submitted an IFP application on the correct form with the required certificate of inmate trust account as ordered. He has therefore not shown that he will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and his IFM motion should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with three separate orders to file an amended complaint or habeas petition, and to either pay the filing fee or submit a fully completed IFP application on the correct form with the required certificate of inmate trust account, despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case since his ex parte motion on February 27, 2023. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

### IV.  RECOMMENDATION

The plaintiff's IFP motion should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless

he files an amended complaint or habeas petition on the correct form and either pays the filing fee or files a fully completed IFP application on the correct form with the required certificate of inmate trust account within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 5th day of June, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE